# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RON C EVERETT,

    Petitioner,

VS.

    NO. 5:17-cv-00116-CAR-CHW

GEORGIA STATE OF, et. al.,

    Respondent.

## **O R D E R**

Petitioner Ron C. Everett has filed a *pro se* "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § Section 2241(c)(3)." ECF. No. 1. Under the rules governing habeas corpus actions [1], district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." § 2254 Rules, R. 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"); 28 U.S.C. § 2243. Federal district courts thus have a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." § 2254 Rules, R. 4 advisory committee's notes.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts provides that the Section 2254 Rules are also applicable to 28 U.S.C. § 2241 cases.

As a part of this obligatory screening, the Court also reviews its own records to ensure that the petition is not barred, under 28 U.S.C. § 2244, as a second or successive petition. The relevant statute, § 2244(b)(3)(A), specifically requires a petitioner to seek and obtain authorization from the Court of Appeals to file a second or successive habeas petition in the district court. Without such authorization, the district court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152-57 (2007); *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Petitioner was convicted in the Superior Court of Chatham County in 2007 of robbery by force, aggravated assault, kidnapping, and elder abuse. *Everett v. State*, 297 Ga. App. 351, 351 (2009). He challenges that state court conviction arguing that it was obtained in violation of the Fourteenth Amendment of the United States Constitution. Petitioner's claim is therefore subject to the procedural restrictions applicable to Section 2254 actions. *See Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (explaining history of and difference between Section 2254 and 2241); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (a prisoner may "not avoid the various procedural restriction imposed on § 2254 petitions . . . by nominally bringing suit under § 2241"); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (collateral attack of custody pursuant to a state court judgment is subject to Section 2254 and the procedural restrictions therein).

This is at least Petitioner's fourth federal habeas petition attacking his 2007 Chatham County conviction. Petitioner's first federal habeas petition was brought in the Southern District of Georgia and was dismissed as untimely. *See Everett v. Barrow*, 4:12-cv-73-WTM-GRS, ECF. No. 16 (S.D. Ga. 2012). The Eleventh Circuit Court of Appeals denied Petitioner's certificate of appealability. *Id*. at ECF. No. 23. Petitioner subsequently filed two applications for writ of habeas corpus in this district, both of which Petitioner framed as being brought under Section 2241(c)(3). *See Everett v. Barrow,* 5:13-cv-289-MTT-CHW (M.D. Ga. 2013); *Everett v. Conley*, 5:15-cv-166-MTT-CHW (M.D. Ga. 2015). Those petitions were dismissed as successive under 28 U.S.C. § 2244(b)(3)(A). The instant action is also second or successive within the meaning of 2244(b).

There is no indication that the Eleventh Circuit Court of Appeals has granted Petitioner permission to file a successive habeas petition. Absent authorization, this Court lacks jurisdiction to consider the instant petition, and it is properly dismissed for lack of jurisdiction. *See Carter v. U.S*., 405 F. App'x. 409, 410 (11th Cir. 2010) (vacating dismissal of motion to vacate and remanding to district court "to dismiss the motion for a lack of jurisdiction").

It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file, in the Eleventh Circuit, a motion for leave to file a second or successive habeas petition pursuant to section 2244(b)(3)(A). The Clerk of Court is **DIRECTED** to furnish Petitioner with the application form required by the

Eleventh Circuit for leave to file a successive habeas petition.[2]

**SO ORDERED**, this 5th day of May, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Dismissal of a habeas petition as second or successive does not constitute a final order for purposes of 28 U.S.C. § 2253(c). *See Bolin v. Sec'y, Fla Dept. of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016). Accordingly, the Court need not address whether Petitioner is entitled to a Certificate of Appealability.