# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RON C EVERETT, :
:
        Petitioner, :
: NO. 5:17-cv-00116-CAR-CHW
VS. :
:
STATE OF GEORGIA, *et al.*, :
:
:
        Respondent. :

## ORDER

Petitioner Ron C Everett has filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 10) from the Court's May 5, 2017, Order (ECF No. 5) dismissing his habeas application as second or successive. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees

and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner's application and certified trust fund account in this case indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Upon reviewing Petitioner's motion and the record, the Court finds that Petitioner

has no arguable basis for an appeal. Petitioner argues that the evidence at his trial was not sufficient to prove his guilt beyond a reasonable doubt. As discussed in the order of dismissal, however, Petitioner previously filed a habeas action which was dismissed as untimely. Accordingly, Petitioner must receive authorization from the Eleventh Circuit Court of Appeals prior to filing a second or successive habeas petition. There is no suggestion that Petitioner has received authorization and without prior authorization this Court lacks jurisdiction to consider his second or successive petition. The appeal, therefore, is not brought in good faith as there are no issues with arguable merit. Consequently, Petitioner's application to appeal *in forma pauperis* (ECF No. 10) is **DENIED**.

        **SO ORDERED**, this 18th day of August, 2017.

                                            **S/ C. Ashley Royal**
                                            C. ASHLEY ROYAL, SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT